UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MAUREEN LAPIERRE,<br><br>                    Plaintiff,<br><br>v.<br><br>DONALD TRUMP, individually and in his official capacity as President of the United States of America<br><br>                    Defendant. | Case No. 2:25-cv-00451-DCN<br><br>**INITIAL REVIEW ORDER** |

## I. INTRODUCTION

Before the Court is Plaintiff Maureen LaPierre's Complaint (Dkt. 2) and Application for Leave to Proceed in Forma Pauperis (Dkt. 1). LaPierre filed an Amended Complaint on September 22, 2025.[1] Dkt. 6. Under 28 U.S.C. § 1915, the Court must review LaPierre's request to determine whether she is entitled to proceed in forma pauperis—which permits civil litigants to proceed without prepayment of the filing fee or to pay the filing fee over time. *Rice v. City of Boise City*, 2013 WL 6385657, at *1 (D. Idaho Dec. 6, 2013). The Court must also undertake an initial review of LaPierre's Complaint to ensure it meets the minimum required standards. *See* 28 U.S.C. § 1915(e)(2).

For the reasons below, the Court GRANTS LaPierre's application to proceed in forma pauperis and will allow her to pay the filing fee over time. That said, after a review

---

[1] LaPierre's Amended Complaint is the operative complaint. *See CDK Global LLC v. Brnovich*, 16 F.4th 1266, 1274 (9th Cir. 2021) (explaining "an amended complaint supersedes the original complaint" thereby becoming the "operative pleading" (citation modified)).

of the Amended Complaint, the Court must DISMISS WITHOUT PREJUDICE. It will, however, allow LaPierre an opportunity to remedy the shortcomings in her Amended Complaint.

## II. BACKGROUND

LaPierre is suing President Donald J. Trump for alleged violations of the Foreign and Domestic Emoluments Clauses and other federal ethics rules by, among other things, accepting a Boeing 747-8 jet from Qatar, continuing to benefit from foreign backed cryptocurrency ventures, and ongoing emoluments received from Trump-owned entities. *See generally,* Dkt. 6, at 2. LaPierre alleges Trump has engaged in a continuous pattern of violations including enrichment through Mar-a-Lago and cryptocurrency ventures, which threaten the "integrity of the Executive Branch, places Americans at risk, and occurs without Congressional consent." Dkt. 6 at 3. LaPierre seeks to proceed in forma pauperis, citing her poverty. Dkt. 1.

## III. LEGAL STANDARD

### A. Application for Leave to Proceed in Forma Pauperis

"[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, . . . without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). In order to qualify for in forma pauperis status, a plaintiff must submit an affidavit that includes a statement of all assets he possesses and indicates that he is unable to pay the fee required. The affidavit is sufficient if it states that the plaintiff, because of his poverty, cannot "pay or give security for the costs" and still be able to provide for himself and dependents "with necessities of life."

*Adkins v. E.I. DuPont de Numours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation marks omitted) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)).

## B. Sufficiency of Complaint

The Court is required to screen complaints that are brought by litigants who seek in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners"). The Court must dismiss a plaintiff's complaint, or any portion thereof, if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii). To state a claim upon which relief can be granted, a plaintiff's complaint must include facts sufficient to show a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (citing *Bell Atlantic Corp. v. Twombly*. 550 U.S. 544 (2007)). The plaintiff cannot simply recite the elements of a cause of action and try to support that recitation with mere conclusory statements. *Id.* at 678.

During this initial review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443,447 (9th Cir. 2000). Even so, plaintiffs—whether represented or not—have the burden of articulating their claims clearly and alleging facts sufficient to support review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Additionally, if amending the complaint would remedy the deficiencies, plaintiffs should be notified and provided an

opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

## IV. ANALYSIS

### A. Application to Proceed in Forma Pauperis

LaPierre utilized the Administrative Office of the Court's generic in forma pauperis form. LaPierre reported her monthly income to be $555 minus her monthly expenses of $375, which leaves her with $180 in discretionary income each month. Dkt. 1, at 2. LaPierre claims she has $0 cash and $63.47 in a checking account and $75.02 in a savings account. *Id*. at 3. LaPierre claims she lives with her daughter who pays rent and utilities, and LaPierre is responsible for her own food, gas, and medicine. *Id*. at 5. On these facts, LaPierre could not likely pay the standard $400 filing fee all at once without sacrificing the necessities of life. She could, however, submit a monthly payment in proportion to her reported discretionary income and pay the filing fee over time. Because food, transportation, and medicine are included in her expenses, and her daughter pays rent and utilities, the Court infers that LaPierre's remaining funds are truly discretionary: available to her for entertainment, travel, or recreation.

Thus, the Court finds that $100—the amount LaPierre keeps each month after providing for her necessities—is an appropriate monthly fee considering her cash flow in the recent past and her available assets, including her $2,000 car. LaPierre will be required to pay the $400 filing fee in $100 monthly installments. By delaying the due date of the payment, the Court can ensure that this fee does not literally or figuratively take LaPierre's "last dollar."

INITIAL REVIEW ORDER - 4

### B. Sufficiency of Complaint

LaPierre relies on the Foreign Emoluments Clause and the Domestic Emoluments Clause of the U.S. Constitution for her cause of action and as the basis for federal jurisdiction against President Trump. LaPierre's Complaint alleges, amongst other things, that President Trump accepted a $400 million Boeing 747-8 aircraft from Qatar and that this "confers immediate personal benefits through prestige and use, and long-term benefits through its planned display in his presidential library." Dkt. 6, at 5. Additionally, LaPierre alleges President Trump benefits from foreign-linked cryptocurrency ventures such as World Liberty Financial and the $TRUMP meme coin. *Id*., at 6. LaPierre claims these acts materially impede her "ability to participate safely and fully in civic and economic life . . . ." *Id*., at 3. LaPierre alleges her anxiety disorder and agoraphobia have gotten worse and that she "experiences sustained distress, feelings of powerlessness, and injustice" because of President Trump's alleged actions. *Id*., at 3–4.

The Court finds LaPierre has not sufficiently established she has Article III standing to bring her claims. To successfully allege standing, the plaintiff must have suffered an injury in fact, that is concrete and particularized; actual or imminent, and not conjectural or hypothetical. *Citizens for Resp. and Ethics in Wash. v. Trump* 953 F.3d 178, 189 (2d. Cir. 2019) (*citing Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560(1992)). A plaintiff must also show there is a "casual connection between the injury and the conduct complained of" and the injury should be "fairly traceable to the challenged action of the defendant . . . ." *Id*. Finally, the plaintiff must show the "injury will be redressed by a favorable opinion." *Id*. As discussed further below, LaPierre has not satisfied the three

prongs of Article III standing.

    *1. Injury in Fact*

    LaPierre has failed to show she has suffered an injury in fact. LaPierre claims President Trump's actions have caused her to experience "insomnia, anxiety, panic attacks, and social withdrawal". Dkt. 6, at 15. But LaPierre does not explain how President Trump's actions have directly caused her to experience these symptoms. LaPierre claims her anxiety disorder and agoraphobia have gotten worse from the "instability and perceived danger posed by Defendant's acceptance of unlawful foreign gifts and foreign-backed financial ventures." *Id.*, at 3. However, LaPierre has not shown how her alleged worsened mental health issues are directly caused by President Trump. LaPierre merely states that she suffered a "concrete and particularized injury as a U.S. citizen" because President Trump accepted "extraordinary benefits from foreign governments . . . ." *Id.*, at 3. LaPierre claims she cannot participate safely and fully in civic and economic life because of President Trump's actions. However, LaPierre has not shown how President Trump's actions have caused her any actual injuries. Her injuries appear to be more conjectural rather than actual or imminent.

    *2. Causation*

    Second, LaPierre has not shown how President Trump's actions have prevented her from finding a job and have made her mental health issues worse. To satisfy this prong of the Article III standing test, "allegations must provide more than 'unadorned speculation' to 'connect their injury to the challenged actions.'" *Citizens for Resp. & Ethics in Washington v. Trump*, 953 F.3d 178, 191 (2d Cir. 2019), *as amended* (Mar. 20, 2020), *cert.*

*granted, judgment vacated*, 141 S. Ct. 1262 (2021) (quoting Simon v. Eastern Ky. Welfare Rights Org, 426 U.S. 26, at 44-55 (1976)). Here, LaPierre claims President Trump's actions "materially impede Plaintiff's ability to participate safely and fully in civic and economic life . . . ." Dkt. 6, at 3. However, LaPierre has only shown a speculated connection between her allegations against President Trump and her inability to participate in public life. Additionally, LaPierre has not shown how her alleged worsening mental health is traceable to President Trump's actions suggesting, at best, a specious connection.

### 3. Redressability

Third and finally, LaPierre has failed to show how her alleged injuries would be redressed by a favorable decision. LaPierre has requested, among other things, that President Trump be ordered to return the $400 million jet to Qatar. However, it is unclear to the Court how such a favorable decision would stop LaPierre from experiencing anxiety, panic attacks, social withdrawal, and otherwise enable her to feel safe outside her home.

## V. CONCLUSION

The Court is concerned with LaPierre's allegations. The Court only addressed standing today as standing is a threshold determination in any lawsuit. The Court also has questions about jurisdiction,[2] presidential immunity, and the sheer implausibility of LaPierre's claims. Nevertheless, the Court will allow LaPierre an opportunity to amend her

---

[2] For example, LaPierre recently moved to Washington state. *See* Dkt. 7. That alone likely means the District of Idaho no longer has jurisdiction over LaPierre. This is to say nothing of the Court's jurisdiction over President Trump.

Complaint to include those facts, should they exist, to state plausible and appropriate causes of action. *See Jackson*, 353 F.3d at 758.

LaPierre has sufficiently proved her indigency, and the Court will allow her to pay the filing fee over time. Additionally, the Court finds that LaPierre's Amended Complaint is deficient and therefore DISMISSES the Complaint WITHOUT PREJUDICE. LaPierre may amend her Complaint and refile if she so chooses.

## VI. ORDER

1. LaPierre's Application for Leave to Proceed In Forma Pauperis (Dkt. 1) is GRANTED. LaPierre need not prepay the fee *in full*; however, she must pay $100.00 per month to the Clerk of Court, on or before the last day of each month, with the first payment due March 1, 2026, until the filing fee is paid in full. Failure, at any time, to comply with this payment schedule will result in dismissal of this case without further notice.

2. LaPierre's Amended Complaint (Dkt. 6) is DISMISSED WITHOUT PREJUDICE. The Court grants LaPierre leave to file an Amended Complaint in substantial compliance with the Court's analysis above. LaPierre must file her Amended Complaint within thirty (30) days of the issuance of this Order.

3. Failure to submit a Second Amended Complaint within the ordered timeframe will result in the full dismissal of this case WITH PREJUDICE and without further notice.

4. LaPierre's "Motion to Expedite Ruling on In Forma Pauperis" (Dkt. 4) is DENIED. While the Federal Court appreciates LaPierre's concerns about the timeliness of her

Application and Complaint, the Federal Court receives hundreds of Applications and Complaints and screens them as fast as it is able.

5. LaPierre's "Motion to Amend" is GRANTED and the Court will consider her Amended Complaint.

DATED: February 10, 2026

David C. Nye
U.S. District Court Judge